UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JEROME DIXON, )
)
        Petitioner, )
)
v. ) No. 1:17-cv-01841-TWP-DLP
)
UNITED STATES OF AMERICA, )
)
        Respondent. )

**Entry Denying Motion for Relief Pursuant to
28 U.S.C. § 2255 and Denying Certificate of Appealability**

**I. The 28 U.S.C. § 2255 Motion**

**A. Background**

On October 15, 2014, Jerome Dixon and a co-defendant were charged in a two count indictment. In count one, Mr. Dixon was charged with conspiracy to possess with the intent to distribute and to distribute 1,000 grams or more of heroin, 500 grams or more of cocaine, and 28 grams or more of cocaine base, all in violation of 21 U.S.C. §§ 841(a)(1) and 846. In count two, Mr. Dixon was charged with possession with the intent to distribute approximately 1,000 grams or more of heroin, 500 grams or more of cocaine, and 28 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). *See United States v. Dixon*, 1:14-cr-209-TWP-TAB-02 (herein after Crim Dkt.), Crim. Dkt. 23.

On June 2, 2015, the United States filed an Information pursuant to 21 U.S.C. § 851(a)(1), which notified the Court that Mr. Dixon had a prior felony controlled substance conviction. Crim. Dkt. 86.

On July 28, 2015, Mr. Dixon entered a plea agreement that provided he would plead guilty to count one and the United States would dismiss count two. Crim. Dkt. 139. Pursuant to the plea, sentencing was left to the Court's discretion. Mr. Dixon agreed that if the Court accepted the plea agreement and sentenced him in accordance with it, he would waive his right to appeal or otherwise challenge his conviction. *Id.*, p. 6. He also agreed not to contest, or seek to modify, his conviction or sentence or the manner in which either was determined in any collateral attack, including an action under 28 U.S.C. § 2255. *Id.* The § 2255 waiver did not include claims that Mr. Dixon received ineffective of assistance of counsel in the negotiation of the plea or plea agreement. *Id.*

The Court accepted Mr. Dixon's guilty plea. Crim. Dkt. 137. On November 5, 2015, the Court sentenced Mr. Dixon to 120 months' incarceration followed by five years' supervised release. Crim. Dkt. 163, 171. Judgment was entered on November 16, 2015. Crim. Dkt. 171.

Mr. Dixon filed his motion for relief pursuant to 28 U.S.C. § 2255 on June 5, 2017, alleging he received ineffective assistance of counsel.

## B. Discussion

A motion pursuant to 28 U.S.C. § 2255(a) is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). For purposes of § 2255(f)(1), that period runs from "the date on which the judgment of conviction becomes final." A judgment of conviction becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires. *Clay v. United States,* 537 U.S. 522, 527 (2003) ("Finality attaches when [the United States Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").

**1. Mr. Dixon's § 2255 Motion is Time Barred**:

As noted, Mr. Dixon's judgment of conviction was entered on the record on November 16, 2015. Crim. Dkt. 171. However, Mr. Dixon did not file an appeal. The last day he could have filed an appeal was November 30, 2015. *See Federal Rules of Appellate Procedure* Rule 4(b). This was the date his conviction became final and the statute of limitations began to run from that date. Pursuant to 28 U.S.C. § 2255(f)(1), Mr. Dixon then had one year in which to file any challenge under 28 U.S.C. § 2255(a). Further, Mr. Dixon's situation does not fall under any of the remaining three timeliness provisions set forth in 28 U.S.C. § 2255. The statute of limitations thus expired one year later on November 30, 2016.

Mr. Dixon's § 2255 motion, however, was not signed and placed in the prison mail system until May 29, 2017. Dkt. 1, p. 12. It is considered to have been filed on that date, but this date was 6 months after the statute of limitations expired. The petitioner has not argued otherwise but contends that he was not provided the sentencing transcripts until July 2016 so he was not able to discover his claim of ineffective assistance of counsel. Dkt. 1, p. 11. However, Mr. Dixon's deadline to file a § 2255 was not until November 30, 2016. Thus, he had at least four months to discover any alleged errors in sentencing.

Moreover, Mr. Dixon does not argue that he is entitled to equitable tolling, which is reserved for "extraordinary circumstances far beyond the litigant's control that prevented timely filing." *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004).

The Seventh Circuit Court of Appeals strictly applies the one year limitations period in order to effectuate the purposes of Congress. *United States v. Marcello*, 212 F.3d 1005 (7th Cir. 2000) (upholding dismissal of section 2255 petition as untimely because it was one day late); *see*

*also Modrowski v. Mote*, 322 F.3d 965 (7th Cir. 2003) (affirming district court's dismissal of section 2254 petition filed one day late). As the Seventh Circuit has previously noted, "[f]oreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere, [and] statutes of limitations protect important social interests …" *Marcello*, 212 F.3d at 1010. Mr. Dixon's § 2255 motion is barred as untimely.

**2. Ineffective Assistance of Counsel Claim:**

Even if Mr. Dixon's petition was not time-barred, his claim fails. Mr. Dixon argues that his counsel was ineffective for failing to inform the Court that he was eligible to receive a sentence reduction based on the safety valve. Dkt. 1, p. 4.

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). If a petitioner cannot establish one of the *Strickland* prongs, the court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, a petitioner must direct the court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The court must then consider whether in light of all of the circumstances whether counsel's performance was outside the wide range of professionally competent assistance. *Id.* In order to satisfy the prejudice component, a petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Pursuant to § 5C1.2(a) of the Sentencing Guidelines, the judge is able to sentence a defendant below the statutory minimum if the following five conditions are met: the defendant 1) had not more than 1 criminal history point; 2) did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; 3) the offense did not result in death or serious bodily injury; 4) was not an organizer, leader, manager, or supervisor in the offense; and 5) had truthfully provided to the government all information and evidence the defendant has concerning the offense that were part of the same course of conduct or of a common scheme or plan. U.S.S.G. § 5C1.2(a)(2). Application of this guideline, commonly referred to as the safety valve, is mandatory when the defendant meets all the criteria.

The government does not dispute that Mr. Dixon meets criteria 1-4. However, they dispute that he truthfully provided to it all information and evidence Mr. Dixon had concerning the offense.

At the sentencing hearing, the Court stated that Mr. Dixon "was almost safety valve eligible." Crim. Dkt. 177, p. 13. Mr. Dixon's counsel responded to the Court's statement saying, "he just didn't feel that he wanted to say anything that would impair her [Ms. Brooks]." *Id.*, p. 14. Counsel explained that Ms. Brooks took advantage of the safety valve and stated "even though she [Ms. Brooks] had availed herself of the safety valve and taken that, he [Dixon] has always told me that that was his position. And, obviously, that was significant. And I had advised him many times that that was an option. . . . It's unfortunate, but that's his position." *Id.*, pp. 15-16. The Court responded, "I guess that's admirable he's going to not try to do the safety valve. He's not going to say anything further." *Id.*

Mr. Dixon was not eligible for the safety valve reduction because he did not meet all of the required criteria. Thus, he has failed to show his counsel's performance fell below objective standards for reasonably effective representation. He also cannot show prejudice.

### C. Conclusion

For the reasons explained in this Entry, Mr. Dixon is not entitled to relief on his § 2255 motion. His claim is time-barred, and even if it were not, there was no ineffective assistance of counsel. Accordingly, his motion for relief pursuant to § 2255 is **denied** and this action is **dismissed with prejudice**. Judgment consistent with this Entry shall now issue and **a copy of this Entry shall be docketed in No. 1:14-cr-00209-TWP-TAB-2.**

Judgment consistent with this Entry shall now issue.

### II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that Mr. Dixon has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED**.

Date: 7/2/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JEROME DIXON
12468-028
FORT DIX - FCI
FORT DIX FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 2000
FORT DIX, NJ 08640

Barry D. Glickman
UNITED STATES ATTORNEY'S OFFICE
barry.glickman@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov